**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000717**
**15-APR-2020**
**03:52 PM**

NO. CAAP-16-0000717

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EASTER SEALS HAWAII, a Hawaii non-profit Corporation,
Plaintiff-Appellee,
v.
JAMES BEARDMORE,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. RC-16-1-0319)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant James Beardmore (Beardmore), self-represented, appeals from the Judgment entered on September 29, 2016,[1] by the District Court of the Fifth Circuit (district court).[2] Beardmore also challenges: the August 15, 2016 "Order

---

[1] Beardmore did not designate the Judgment entered on September 29, 2016, in his Notice of Appeal, but attached a copy thereto. Although noncompliant with Rule 3(c)(2) of the Hawai'i Rules of Appellate Procedure (HRAP) governing the required content of a notice of appeal, we consider the Judgment a part of the appeal because: (1) "a mistake in designating the judgment should not result in loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake," Ek v. Boggs, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003) (internal quotation marks, citations, and ellipses omitted); (2) it can be fairly inferred from Beardmore's attachment of a copy of the Judgment to his Notice of Appeal that he intended to appeal from it; and (3) Plaintiff-Appellee Easter Seals Hawaii (Easter Seals) does not assert that it has been misled.

[2] The Honorable Joe P. Moss (Judge Moss) presided over the hearing on the motion and the trial on September 9, 2016. The Honorable Trudy K. Senda (Judge Senda) signed the Judgment on behalf of Judge Moss.

Denying Defendant's Motion to Set Aside Default Judgment Filed Herein on July 25, 2016" (Order Denying Motion to Set Aside Default);[3] the August 15, 2016 "Order Denying Defendant's Emergency Motion to Stay Writ of Possession Based On Emergency Filed Herein on August 3, 2016" (Order Denying Motion to Stay Writ of Possession);[4] the September 28, 2016 "Order Denying Defendant's Motion to Seek Determination On Remaining Issue RE: 4564 Ola Road, Waimea, HI 96796, Filed August 24, 2016" (Order Denying Motion to Seek Determination);[5] the September 28, 2016 "Order Granting Plaintiff's Motion to Dismiss Counterclaim Filed September 2, 2016" (Order Dismissing Counterclaim);[6] the order granting Easter Seals' motion to strike Beardmore's Proposed Order re: Motion to Dismiss Counterclaim (Order Striking Proposed Order);[7] and the district court's denial of his Demand for Jury Trial (Jury Demand).[8,9]

---

[3] The Honorable Sarah L. Silverman (Judge Silverman) presided over the hearing on the motion. The Honorable Jonathan J. Chun (Judge Chun) signed and filed the order on August 15, 2016.

[4] Judge Silverman presided over the hearing on the motion. Judge Chun signed and filed the order on August 15, 2016.

[5] Judge Moss presided over the hearing on the motion. Judge Senda signed and filed the order on behalf of Judge Moss on September 28, 2016.

[6] Judge Moss presided over the hearing on the motion. Judge Senda signed and filed the order on behalf of Judge Moss on September 28, 2016.

[7] Judge Senda signed the order on October 5, 2016 and it was filed on October 6, 2016.

[8] Beardmore also purports to challenge a document entitled "Challenge to Costs Re: Attorney Fees & Costs Claims of Opposing Counsel Charles S. O'Neill, Jr." We construe this as a challenge to the Judgment.

[9] Although "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case[,]" Ueoka v. Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted), we also note that points not argued in an appellant's Opening Brief may be deemed waived. HRAP Rule 28(b)(7). Therefore, we will only review the district court orders for which Beardmore provides argument in his briefs.

2

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we resolve Beardmore's points of error as follows.

## I.  The district court did not abuse its discretion in its Order Denying Defendant's Motion to Set Aside Default.

Beardmore first argues that there was a valid basis for the district court to set aside the default judgment.

The district court's Order Denying Motion to Set Aside Default appears to stem from its prior ruling on a Motion for Partial Summary Judgment on Possession (MPSJ) filed by Easter Seals.  The minutes for the July 18, 2016 hearing on the MPSJ reflect that the district court noted Beardmore's absence from the hearing and failure to file an opposition to the MPSJ.  The district court and the parties subsequently treated the July 26, 2016 "Order Granting Plaintiff's Motion for Partial Summary Judgment on Possession" (Order Granting MPSJ) as a default judgment.  However, based on our review of the record, there was no entry of default or motion for default judgment in this case.  See District Court Rules of Civil Procedure (DCRCP) Rule 55.  Further, the record shows that Beardmore appeared with his legal counsel, Anthony P. Locricchio (Locricchio), on June 20, 2016, and entered a general denial in the summary possession proceedings, which otherwise constituted the act of defending in this case.  See DCRCP Rule 8(b) ("In summary possession proceedings . . . , a defendant may defend by . . . making an appearance without written answer on the return day specified by Rule 12(a) which shall be deemed to constitute a general denial of the truth of the facts stated in the complaint."); DCRCP Rule 55(a).  Further, in entering its Order Granting MPSJ, the circuit court expressly held that there were no genuine issues of material fact as to the issue of possession.  Therefore, it

3

appears that the MPSJ was granted pursuant to DCRCP Rule 56(e)[10] and not DCRCP Rule 55.

In light of the above, we construe Beardmore's "Motion to Set Aside Default Judgment," which sought to set aside the Order Granting MPSJ, as a motion for reconsideration of an interlocutory order[11] pursuant to DCRCP Rule 54(b).[12] See Cho v. State, 115 Hawaiʻi 373, 383, 168 P.3d 17, 27 (2007) (stating that the trial court has inherent power to reconsider interlocutory orders); see also DCRCP Rule 54(b) (providing that interlocutory orders or other forms of decision that resolve fewer than all claims are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"). We therefore review the Order Denying Defendant's Motion to Set Aside Default for abuse of discretion.

> It is well-recognized that the trial court's inherent power to reconsider interlocutory orders . . . any time before final judgment is not without restrictions. Although the power of reconsideration is committed to the sound discretion of the trial court, a motion for reconsideration

---

[10]     DCRCP Rule 56(e) provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(Emphasis added.)

[11]     DCRCP Rule 56(c) provides, in relevant part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

[12]     Although the Order Granting MPSJ involved a judgment of possession that was immediately appealable under the Forgay doctrine, Beardmore was permitted to wait until the Judgment entered on September 29, 2016, awarding damages, which was the final judgment in this case, to appeal the issue of possession. See Ciesla v. Reddish, 78 Hawaiʻi 18, 21, 889 P.2d 702, 705 (1995) ("The immediate appeal of the judgment for possession under the Forgay doctrine being untimely, Reddish must await final resolution of all claims in the case before challenging the judgment for possession."). Therefore, the Order Granting MPSJ was interlocutory.

is limited in scope:

> [T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Cho, 115 Hawaiʻi at 384, 168 P.3d at 28 (citations omitted).

On appeal, Beardmore argues that he and Locricchio's failure to oppose the MPSJ and appear at the hearing were due to Locricchio's paralegal being ill and unable to change the hearing date, and that he had not been properly served with the MPSJ. Beardmore also asserts that Locricchio was unable to respond to the MPSJ due to being "incapacit[ated] after a major seizure that left him paralyzed and stopped breathing[.]" Despite Beardmore's latter contention, his Motion to Set Aside Default Judgment does not cite Locricchio's incapacity as a basis for their failure to oppose the MPSJ and the record indicates that Locricchio's purported seizure occurred on July 28, 2016, after the deadline to oppose the MPSJ under DCRCP Rule 56(c) had already passed. Further, our review of the record indicates that Beardmore, through his counsel, was properly served with the MPSJ pursuant to Rule 5(b) of the Rules of the District Courts of the State of Hawaiʻi, and DCRCP Rules 5(b) and 56(c), as Easter Seals' counsel certified that service was made via mail to Locricchio on June 29, 2016, and submitted the receipt from the Lihuʻe Post Office as proof thereof. The district court deemed Easter Seals' submissions to be satisfactory proof of service and we agree.

Moreover, Beardmore does not provide a discernible argument as to how Locricchio's paralegal's illness prevented either he or Locricchio from filing and serving an opposition to the MPSJ at least seventy-two hours prior to the July 18, 2016 hearing. See Kakinami v. Kakinami, 127 Hawaiʻi 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (noting that this court may disregard a contention where there is no discernible argument in

support of it); DCRCP Rule 56(c), (e). Based on the foregoing, the district court did not abuse its discretion in denying Beardmore's motion to set aside the Order Granting MPSJ. See Cho, 115 Hawai'i at 384, 168 P.3d at 28.

**II.  The district court did not err in dismissing Beardmore's counterclaims and related jury demand.  The district court erred in granting Easter Seals' motion to strike Beardmore's Proposed Order.**

DCRCP Rule 13(b) states that "[a] pleading shall state as a counterclaim any claim against an opposing party but the relief shall not exceed the jurisdictional limitations of the court."[13]  Although Beardmore appeared and made a general denial in the summary possession proceedings, the record does not indicate that Beardmore filed a pleading containing his counterclaims or otherwise asserted them in response to Easter Seals' complaint.  As a result, Beardmore's counterclaims would only have been permissible if filed with leave of court under DCRCP Rule 13(e)[14] or (f)[15].  The record does not reflect that Beardmore sought or obtained leave of court prior to filing his counterclaims in the document entitled "Counterclaim Plaintiff

---

[13]    Furthermore, Hawaii Revised Statutes (HRS) § 604-5(a) provides, in relevant part:

> Except as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $40,000, except in civil actions involving summary possession or ejectment, in which case the district court shall have jurisdiction over any counterclaim otherwise properly brought by any defendant in the action if the counterclaim arises out of and refers to the land or premises the possession of which is being sought, regardless of the value of the debt, amount, damages, or property claim contained in the counterclaim.

(Emphases added.)

[14]    DCRCP Rule 13(e) provides: "A claim which either matured or was acquired by the pleader after serving its pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."

[15]    DCRCP Rule 13(f) provides: "When a pleader fails to file a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court file the counterclaim."

James Beardmore Verified Complaint Seeking Payment of Damages for Violation of Contract and Other Claims" (Counterclaim) on September 2, 2016, three months after the original Complaint was filed, and after the district court had already entered Judgment for Possession in favor of Easter Seals.

In the Counterclaim, Beardmore also alleged claims against the "Board of Directors" and "Administrative Staff" of Easter Seals, who were not parties in this action. The district court determined that the claims against the Board of Directors and Administrative Staff were not properly asserted counterclaims, as the additional parties were not properly joined in this action under DCRCP Rules 19 or 20. Based on our review of the record, we agree that the counterclaims were not properly asserted as to those parties because they had not been joined at that point under either DCRCP Rules 19 or 20. Thus, it appears that Beardmore, in substance, was filing a third-party complaint.

The district court dismissed Beardmore's third-party complaint against the Board of Directors and Administrative Staff for not seeking leave of court prior to filing and serving the third-party complaint.[16] The record does not reflect that Beardmore sought or obtained leave of court to file and serve the third-party complaint and therefore, it was non-compliant with DCRCP Rule 14. The district court did not err in dismissing Beardmore's third-party complaint.

Beardmore's Jury Demand was filed in connection with his counterclaims and third-party complaint. Because the counterclaims were not properly filed and Beardmore had not properly filed and served the third-party complaint, the district court did not err in denying Beardmore's Jury Demand.

---

[16] The record does not indicate that Beardmore actually served those entities or individuals prior to the district court issuing its Order Dismissing Counterclaims. Rather, Beardmore apparently served Easter Seals' counsel, who conveyed to the district court at the hearing that he did not represent the added entities or individuals.

On September 21, 2016, Beardmore filed "Defendant James Beardmore's Proposed Order Re: Motion to Dismiss Counterclaim" (Proposed Order). The district court then entered its Order Dismissing Counterclaims on September 28, 2016, without incorporating any of the language contained in Beardmore's Proposed Order. Subsequent to the district court entering its order, Easter Seals filed a motion seeking to strike Beardmore's Proposed Order on the grounds that Beardmore's counsel had not signed the document, in violation of DCRCP Rule 11. Easter Seals also sought to recover attorney's fees and costs incurred in relation to filing the motion. The district court granted this motion. Beardmore subsequently re-filed his Proposed Order with his attorney's signature *ex officio* on October 12, 2016.

On appeal, Beardmore argues that the district court erred in granting Easter Seals' motion to strike the Proposed Order and award relating to attorneys' fees and costs. The record indicates that the district court effectively declined to incorporate Beardmore's Proposed Order prior to Easter Seals' motion to strike the Proposed Order. Therefore, any issue regarding Beardmore's Proposed Order was moot. State v. Nakanelua, 134 Hawaiʻi 489, 501-02, 345 P.3d 155, 167-68 (2015) ("The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (internal quotation marks omitted) (quoting Wong v. Bd. of Regents, Univ. of Haw., 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980)).

Furthermore, Beardmore's purported violation of DCRCP Rule 11 in the Proposed Order was a lack of signature, rather than an improper signature, which necessitates striking of the filing "unless it is signed promptly after the omission is called

8

to the attention of the pleader or movant." DCRCP Rule 11.[17] Beardmore submitted an amended Proposed Order with a signature shortly after Easter Seals' motion to strike the Proposed Order. Based on the foregoing, the district court erred in awarding attorney's fees and costs to Easter Seals in its Order Striking Defendant's Proposed Order.

## III. Appeal of the Order Denying Motion to Stay Writ of Possession.

In the "Emergency Motion to Stay Writ of Possession Based on Emergency" (Motion to Stay Writ of Possession) filed on August 3, 2016, Beardmore moved to stay the enforcement of the writ of possession issued by the district court on July 26, 2016, and served on Beardmore on July 30, 2016, until: (1) August 15, 2016, and continue the Motion to Set Aside Default Judgment that was scheduled to be heard on August 8, 2016; or alternatively, (2) until the district court entered an order on the Motion to Set Aside Default Judgment after the August 8, 2016 hearing. The district court issued its Order Denying Motion to Set Aside Default on August 15, 2016. Beardmore does not assert, and there is nothing in the record to suggest, that the writ of possession was enforced prior to this date. Therefore, we conclude that Beardmore's contention that the District Court erred in denying his motion to stay is without merit.

---

[17]     DCRCP Rule 11 provides, in part:

> If a pleading, motion, or other paper is _not signed_, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is _signed_ in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorneys' fee.

(Emphases added.)

**IV. The district court did not err in denying Defendant's Motion to Seek Determination on Remaining Issue RE: 4564 Ola Road, Waimea, HI 96796.**

The "Motion to Seek Determination on Remaining Issue RE: 4564 Ola Road, Waimea, HI 96796" sought an order that would: (1) prohibit demolition of the subject property "until review by State of Hawaii and County of Honolulu Historical Preservation agencies to determine historical status of said property"; and (2) permit Beardmore to paint the property in the interim. This appears to be a petition for preliminary injunctive relief.

The district court concluded, in relevant part, that: (1) Beardmore did not have standing given the district court's disposition of the issue of possession; (2) under HRS § 604-5, the district court did not have jurisdiction to issue an order to stay the demolition of the property; and (3) Beardmore had not shown that he was likely to prevail on the merits, that the balance of irreparable damage favored the issuance of a temporary injunction, and that the public interest supported granting an injunction.

On appeal, Beardmore asserts that the district court erred by ruling "summarily . . . without sufficient required rulings to do so[,]" "ignoring the fact that [Easter Seals] was going to demolish the historic property." Beardmore also recites the district court's oral ruling on the motion, which is substantially the same as the district court's order. To the extent we can discern, it appears Beardmore argues that the district court did not have a sufficient basis for its rulings.

"A plaintiff without standing is not entitled to invoke a court's jurisdiction." Sierra Club v. Hawaii Tourism Auth. ex rel. Bd. of Directors, 100 Hawaiʻi 242, 250, 59 P.3d 877, 885 (2002) (internal quotation marks omitted) (quoting Mottl v. Miyahira, 95 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)).

> In deciding whether the plaintiff has the requisite interest in the outcome of the litigation, we employ a

three-part test: (1) has the plaintiff suffered an actual or threatened injury as a result of the defendant's . . . conduct; (2) is the injury fairly traceable to the defendant's actions; and (3) would a favorable decision likely provide relief for plaintiff's injury.

Id. (citations omitted).

At the time that Beardmore filed this motion, the district court had already issued a judgment for possession and a writ of possession in favor of Easter Seals. Therefore, at the time Beardmore sought this remedy, he had already been found to have been in wrongful possession of the subject property and was divested of any interest he had therein as a tenant. See HRS § 666-13 ("Whenever a writ is issued for the removal of any tenant, the contract for the use of the premises, if any exists, and the relation of landlord and tenant between the parties, shall be deemed to be canceled and annulled."). Moreover, Beardmore had not shown that he otherwise had an interest in the subject property. See Sierra Club, 100 Hawai'i at 250, 59 P.3d at 885 ("Petitioner must establish its standing for this court to exercise jurisdiction over this case."). Accordingly, Beardmore would not have suffered an injury as a result of Easter Seals' alleged demolishment of the property or failure to upkeep the property. See id. Based on the foregoing, we agree with the district court that at the point Beardmore petitioned the district court for preliminary injunctive relief, he did not have standing. In light of our determination, we need not address the other two parts of the standing test or the remainder of the district court's conclusions.

**V. The district court did not err in the Judgment.**

As mentioned *supra*, in footnote 8, Beardmore purports to appeal from a document entitled "Challenges to Costs Re: Attorney Fee & Costs Claims of Opposing Counsel Charles S. O'Neill, Jr." However, the record is devoid of such a document. We construe this point of error as an assertion that the district court erred in awarding attorneys' fees and costs to Easter Seals

11

in the Judgment. Despite Beardmore's contention and the "Declaration of Charles S. O'Neill, Jr. Regarding Fees and Costs" requesting attorney's fees and costs, the Judgment entered on September 29, 2016, does not provide for attorney's fees. Rather, the Judgment left the amount of attorney's fees blank, while providing for damages in the amount of $700.00, as well as filing fees, service fees, mileage for service, and other costs in an amount of $391.84, for a total judgment of $1,091.84. Beardmore's contention is thus without merit, as the Judgment indicates that the district court did not award Easter Seals attorney's fees. Because Easter Seals has not cross-appealed the issue, we need not address it further.

Beardmore also argues that the district court erred in its Judgment pertaining to damages by awarding Easter Seals additional rent for the holdover tenancy in the amount of $700.00. The basis for Beardmore's argument appears to be that he was wrongfully evicted by Easter Seals. Insofar as we have determined above that the district court did not err in declining to set aside the MPSJ on the issue of possession, we decline to address Beardmore's argument.

**VI. Conclusion**

Based on the foregoing, we vacate the district court's "Order to Strike Defendant James Beardmore's Proposed Order Re: Motion to Dismiss Counterclaim" and otherwise affirm the Judgment entered on September 29, 2016.

DATED: Honolulu, Hawai'i, April 15, 2020.

On the briefs:

James Beardmore,
Self-Represented,
Defendant-Appellant.

Dennis E. W. O'Connor, Jr.,
O'Connor Playdon Guben &
Inouye LLP,
for Plaintiff-Appellee.

/s/ Alexa D. M. Fujise
Presiding Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Derrick H. M. Chan
Associate Judge